Thomas Hart FISHER, Appellant,

v.

CONTINENTAL ILLINOIS NATIONAL BANK AND TRUST COMPANY OF CHICAGO, Appellee.

No. 65.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Jan. 31, 1968.

Rehearing Denied Feb. 28, 1968.

Robert L. Dabney, Jr., Austin & Dabney, Houston, for appellant.

Frank G. Harmon, Thomas E. Berry, C. H. McCall, Thad T. Hutcheson, Jr., Baker, Botts, Shepherd & Coates, Houston, for appellee.

TUNKS, Chief Justice.

This is an appeal from the order of the trial court dismissing the proceeding pending in that court which dismissal was occasioned by the appellant's refusal and failure to respond to a commission to take his deposition and a subpoena duces tecum. The facts and procedure leading up to the order of dismissal were as follows:

On December 11, 1965, Alice B. Atwood, a resident of Chicago, Illinois, died. She left a will in which one Michael DeBella was named beneficiary and the appellee, Continental Illinois National Bank & Trust Company of Chicago, hereinafter sometimes called Continental Bank, was named executor.

On January 14, 1966, the Atwood will was filed for probate in Cook County, Illinois. On April 4, 1966, that will was admitted to probate, the Continental Bank qualified as executor of the estate.

On May 27, 1966, Edwin K. Atwood, brother of the deceased, Alice B. Atwood, filed application in the Probate Court of Harris County, Texas, for an ancillary Texas administration of the estate of said decedent. The application for ancillary administration filed in Harris County, Texas, was filed by a Houston attorney who was authorized to so act by the appellant, Thomas Hart Fisher, who in turn, in giving such authority, was acting as the attorney for Edwin K. Atwood.

The original application for ancillary administration filed in the Probate Court of Harris County, contained a recitation to the effect that Alice B. Atwood had died without leaving any "valid will."

On June 28, 1966, the Probate Court of Harris County orally announced that the application for ancillary administration was granted and designated River Oaks Bank & Trust Company of Houston, Texas, as temporary administrator. On July 5, 1966, the order so appointing the River Oaks Bank & Trust Company as temporary administrator was signed by the judge of the Probate Court in Harris County, Texas.

On July 5, 1966, Continental Bank, without knowing of the fact that the temporary administration was pending in the Probate Court of Harris County, filed application in the County Court of Kennedy County for the probate of the will which Alice B. Atwood had left. On July 18, 1966, the County Court of Kennedy County admitted that will to probate. On July 27, 1966, Continental Bank qualified as executor under the will in the Kennedy County proceedings.

On November 9, 1966, Edwin K. Atwood wrote a letter to his Houston attorney requesting that he cause River Oaks Bank & Trust Company to withdraw as administrator of the estate of Alice B. Atwood in favor of Continental Bank.

On November 14, 1966, Thomas Hart Fisher filed in the Probate Court in Cook County, Illinois, a contest of the Alice B. Atwood will which had been admitted to

probate in that court. Fisher's contest was based on the ground that Alice B. Atwood did not have testamentary capacity at the time of executing the will which had been admitted to probate and his claim of interest in the estate was based on an earlier will executed by the decedent wherein he, Thomas Hart Fisher, was named beneficiary.

On or about December 1, 1966, Continental Bank and its attorneys apparently learned for the first time of the pendency of the administration proceeding in the Probate Court of Harris County. They, on that date, filed a proceeding in the Probate Court of Harris County, Texas, asking that Court to make a final determination of the proposition that venue in the estate properly lay in Kennedy County rather than in Harris County and for the transfer of the proceedings to Kennedy County and for the dismissal of the proceeding pending in the Harris County Probate Court.

On December 9, 1966, the Harris County Probate Court entered its order making a final determination to the effect that venue of the matter properly lay in Kennedy County and transferring the proceeding to the Probate Court of that County.

Though his participation in the proceeding up to that time had been in the capacity of an attorney acting as counsel for Edwin K. Atwood, on December 19, 1966, the appellant, Thomas Hart Fisher, entered the proceeding as a party. Fisher claimed to be a proper party because of his interest in the estate growing out of the earlier will wherein he was designated a beneficiary. As such an interested party, and as being aggrieved by the Probate Court's order of December 9, 1966, determining venue to be in Kennedy County and transferring the matter to that County, Fisher perfected an appeal to the 113th District Court of Harris County, Texas. It was that case, concerned with Fisher's appeal of the order of the Probate Court transferring the administration to Kennedy County, which was dismissed by the trial court for the reason and in accordance with the procedure hereinafter set forth, and which is the subject matter of this appeal.

On January 26, 1967, the Harris County Probate Court granted the motion of Continental Bank to remove River Oaks Bank & Trust Company as administrator and by the same order, appointed Continental Bank as temporary administrator, directing that River Oaks Bank & Trust Company pay over to it such funds, if any, of the estate which it had on hand. Thomas Hart Fisher, again alleging himself to be an aggrieved party, perfected an appeal from that order to the 127th District Court of Harris County, Texas. That case also was dismissed by the trial court and a separate appeal is pending in this court from that order of dismissal.

Still a third suit was instituted in the District Court of Harris County, Texas, involving the same parties and the same estate. That third suit was a mandamus proceeding filed in the 157th District Court of Harris County, Texas, by Thomas Hart Fisher, as petitioner, seeking a mandatory order requiring the judge of the Probate Court of Harris County, Texas, to vacate his orders of January 26, 1967, wherein he had determined that the Kennedy County Probate Court had venue of the estate which is the subject matter of this litigation and all other orders thereafter entered by the judge of the said Harris County Probate Court. That suit, too, was dismissed by the trial court and it, too, is the subject matter of another appeal pending in this court.

On February 28, 1967, the attorneys for the appellee, Continental Bank, filed application in the 157th District Court of Harris County, Texas, for commission to take the oral deposition of Thomas Hart Fisher, the plaintiff in the mandamus suit pending in that court, and, in such application, recited its intention to procure the issuance of a subpoena duces tecum to Fisher, requiring him to produce certain documents. The

date and place for the taking of said deposition was recited to be at 10:00 o'clock a. m. on March 11, 1967, at the office of the Continental Bank's attorneys in Houston, Texas.

On March 1, 1967, the attorneys for Continental Bank filed in the case pending in the 113th District Court of Harris County, Texas, a similar request for issuance of a commission to take the oral deposition of Fisher, and gave notice of the intention to request the issuance of a similar subpoena duces tecum and fixed the time and place of taking of the oral deposition as of the same date and place.

On March 16, 1967, Continental Bank's attorneys filed in the case pending in the 127th District Court of Harris County, Texas, a similar request for the issuance of a commission to take Fisher's deposition and notice of intention to request a subpoena duces tecum, fixing the date of the deposition at March 28, 1967, and the place at the office of the Continental Bank attorneys. The subpoenas duces tecum issued pursuant to the commissions requested on February 28th and March 1st, were served on the local counsel for Thomas Hart Fisher as authorized by Rule 202, Texas Rules of Civil Procedure. On March 8, 1967, appellant's attorneys filed a motion to quash the subpoenas, to order that the deposition of their client not be taken, or, in the alternative, that the deposition be taken by written interrogatories at the place of his residence in Florida. On March 9, 1967, the Honorable Ben Wilson, sitting as Judge Presiding over the Civil District Courts of Harris County, Texas, and as such authorized to rule on certain ancillary matters pending in any of the Civil District Courts of Harris County, overruled the appellant's motion to quash, to order that the deposition not be taken or that the deposition be taken at the place of the appellant's residence in Florida. On March 23, 1967, a similar motion was made by appellant attacking the commission and subpoena issued pursuant to the bank's request on March 16, 1967.

The appellant failed to appear for the taking of the deposition set for March 11, 1967. On March 14, 1967, the appellee made a motion to dismiss the cases in which the commissions for the taking of that deposition had been issued. That motion to dismiss was presented to the Honorable Wilmer Hunt, sitting as Presiding Judge on March 17, 1967. Pursuant to the hearing that followed, Judge Hunt entered an order to the effect that unless the appellant appeared on March 29, 1967, for the giving of his deposition, and that unless he responded to the subpoena duces tecum theretofore served on his attorneys, all three of the cases then pending in the District Courts of Harris County, Texas concerning the estate of the decedent, Atwood, would be dismissed.

On March 20, 1967, the appellant, pursuant to Rule 167, T.R.C.P., filed a motion to require the appellee to produce certain documents and records. On the same date, appellant filed certain interrogatories pursuant to Rule 168, T.R.C.P. The appellant also filed a motion asking the court to direct the appellee to answer the interrogatories on or before March 28, 1967. That motion to require early answers to the interrogatories was presented to the Honorable Wilmer Hunt as Presiding Judge on March 23, 1967. On that occasion, Judge Hunt declined to grant the motion and made an announcement to the effect that if appellant did not appear for the taking of his oral deposition on March 29, 1967, he, Judge Hunt, would not rule on the motion of appellant to require early answers to the interrogatories and again announced that in the event of appellant's failure to appear for the taking of his deposition at the designated time and place, he would dismiss all three of the cases then pending in the District Courts of Harris County, Texas.

On March 29, 1967, the appellant failed to appear at the time and place for the taking of his deposition. The certificate of the reporter recites such failure of appellant to appear, that his attorney did appear and that such attorney offered no other expla-

nation of his client's failure to appear than those set forth in the motion to quash. Thereafter, on March 30, 1967, Judge Hunt, sitting as Presiding Judge, and on motion of the appellee, entered his order dismissing this case as well as the other two cases pending in the District Courts of Harris County, Texas, between the same parties and involving the same estate. It is from the order dismissing this case that this appeal is perfected.

The basis of the appellant's objection to the subpoenas duces tecum issued and served on him and to the time, manner and place of taking his oral deposition, pursuant to such commission the various orders of the trial courts hereinabove noted, are set forth in appellant's motion to quash the subpoenas duces tecum, to order that his deposition not be taken, or, in the alternative, that the subpoena duces tecum be limited in scope and that his deposition be taken by written interrogatories. In that motion he recites that he is a resident of Marion County, Florida, and that the appellee, in causing to be served on him the subpoenas duces tecum and undertaking to take his oral deposition in Houston, Texas, "is attempting to harrass and to visit undue annoyance and expense" on him. He further recites that the documents which are the subject matter of the subpoena duces tecum are privileged communications between the decedent, Alice B. Atwood, and him, when he was acting as attorney for said decedent.

■ The Texas Rules of Civil Procedure provide broad and liberal procedures by which litigants can make pre-trial discoveries in connection with pending law suits. Under Rule 167, a party may require his adversary to produce documents and other tangible things for examination and reproduction. Rule 168 makes provision whereby one party may propound to his adversary interrogatories to be answered under oath. Under Rule 169, an adverse party may be required either to admit the truth of certain facts and the genuineness of documents or deny those matters under oath. Rules 186 through 215a make provisions for the taking of depositions of witnesses. This procedure has a two-fold purpose: it may be used to develop evidence to be used in the trial, it also may be, and often is, used as a pre-trial procedure by which to develop the facts relating to a claim or defense in a pending trial.

■ Consistent with a policy of those rules, the courts encourage a liberal use of pre-trial discovery procedures. Lucas v. Lucas, Tex.Civ.App., 365 S.W.2d 372, no writ history. However, the rules make provisions for the protection of parties and other witnesses against an abuse of the uses of the means of pre-trial discovery. Rule 177a provides that one may seek from the court protection against an unreasonable and oppressive use of a subpoena duces tecum. Rule 186a provides that on motion made to the court, the scope of examination of the witness on oral examination or written interrogatories may be limited. Rule 186b provides for other types of orders which may, on motion to the trial court, be entered for the protection of parties and deponents.

On the other hand, the rules also make provision for enforcement of the pre-trial discovery procedures and provide penalties to be assessed for failure or refusal to comply with those procedures. Under Rule 169, if a party fails or refuses to respond to a request for admission, the matters of which an admission was requested, may be deemed admitted. Rule 170 makes provision for penalties that may be assessed because of a party's refusal to comply with a discovery order under Rule 167. That rule also provides that if a party, in response to requests served under Rule 169, denies the genuineness of a document or the truth of a matter of fact, and such document is subsequently shown to be genuine or the truth of fact is developed, then the court may assess against the wrong-doing party which was the subject matter of such pre-trial procedure. Rule 215a, originally adopted in 1957 and

amended in 1962, sets forth the penalties that may be imposed on witnesses and parties for failure and refusal to respond to commissions to take depositions and the subpoenas issued pursuant thereto. Among other things, that rule provides that if a party to a law suit, without good cause shown, fails to appear for the taking of his deposition after proper service of subpoena, the court may "dismiss the action or proceeding or any part thereof."

■ By the very nature of things, motions for the protections of parties and witnesses and to impose penalties for failure or refusal to comply with discovery orders, must be addressed to the sound discretion of the trial court. The rules as to the taking of depositions vest broad discretion in the trial court. Munden v. Chambless, Tex. Civ.App., 315 S.W.2d 355, err. ref., n. r. e. The refusal of a trial court to stay the taking of a deposition may be set aside only upon a showing of a clear abuse of discretion. Meyer v. Tunks, (Tex.Sup.Ct.), 360 S.W.2d 518; Guerra v. Pena, Tex.Civ.App., 406 S.W.2d 769, no writ history; Harris County v. Hunt, Tex.Civ.App., 388 S.W.2d 459, no writ history. Before the adoption of Rule 215a in 1957, the provisions for penalties to be imposed on parties for refusal to respond to a commission and subpoena for the taking of his deposition, were found in Rule 202. In Knox v. Long, 152 Tex. 291, 257 S.W.2d 289, decided by the Supreme Court of Texas in 1953, there is a discussion of the trial court's discretion in imposing those penalties. In that case, it was held that the trial court had abused its discretion in rendering default judgment against a defendant who refused to respond to a commission for the taking of his deposition because the rule did not then provide for such penalty (Rule 215a as it now stands *does* provide for such penalty to be assessed against a non-complying defendant). Nevertheless, the court's opinion in Knox v. Long clearly indicates that the trial court has broad discretion in making application of those penalties which are provided for in the rules. Dow Chemical Co. v. Benton,

163 Tex. 477, 357 S.W. 565, involves a situation wherein the trial court, pursuant to Rule 215a of the Texas Rules of Civil Procedure, had dismissed the plaintiff's cause of action because of his refusal to appear for his deposition. Though the question of the trial court's authority to so dismiss the case was not the principal issue involved, nevertheless the Supreme Court treated the situation as if the case had properly been dismissed.

With those policies and holdings in mind, we now examine the facts in this case upon which the trial court based its order of dismissal.

The only facts shown by the appellant as good cause for his failure to appear, were his recitation in his motion to quash subpoena duces tecum to the effect that he was a resident of Florida, that the documents subpoenaed were bulky and that they were privileged communications between him and his former client, the decedent, Alice B. Atwood.

■ The fact of his residence in the State of Florida was no good cause for his failure to appear and permit his deposition to be taken. He had selected the jurisdiction of the Probate Court of Harris County, Texas, for the institution of the proceeding and having done so, and having become a party to that proceeding, obliged himself to submit to the jurisdiction and procedures of the courts of Texas. The record indicates that this is an extremely large estate, that the holdings of the decedent were widespread and of a complex nature, that the pendency of the actions instituted and prosecuted by the appellant was seriously impeding the administration of the affairs of that estate and that but for a speedy determination of those proceedings, serious damage would be sustained by the estate. Those were matters which the trial court was amply justified in taking into consideration in making its rulings. As compared to the amount involved in the litigation, neither the expense nor the inconvenience incurred by appellant in trav-

eling from Florida to Texas, if he was required to do so, in order to respond to the commission to take his deposition, would have been disproportionate.

 The appellant states in very general terms only that the documents sought to be produced by the subpoenas duces tecum were bulky. No specific facts are recited by him in his motion to quash the subpoena, nor do any such facts appear at any other place in the record before us. Such general statement by the appellant in a case of the character pending in the District Court, was not sufficient to constitute good cause for appellant's failure to appear and give his deposition.

 Appellant's opposition to the taking of the deposition because of the fact that documents sought to be produced were privileged communications between him and his former client, the decedent, Alice B. Atwood, is, of course, entirely untenable. If any such privilege were attached to the communications, it was a privilege of the client, not the attorney. It was certainly not such a privilege as would preclude the disclosure of the communications in a proceeding wherein the alleged attorney was a party asserting a claim to his former client's estate. Krumb v. Porter, Tex.Civ.App., 152 S.W.2d 495, err. ref.; McCormick & Ray, Texas Law of Evidence, p. 409, Sec. 487.

We are also of the opinion that there is ample basis in the record on which the trial court could have questioned the bona fides of the appellant in maintaining this suit. As this litigation originated in the Probate Court, the appellant was in the status of an attorney representing the applicant for administration. In the original application for administration there was a recitation, as the basis for the granting of such application, to the effect that "no valid will" was left by the decedent. It was only after the appellant had been discharged by his client, the original applicant for the administration, that he appeared in this litigation as a party. In doing so, he claimed that his interest in the estate grew out of a valid will,

a position inconsistent with that which his client had originally taken and a position which, if established, would show an interest in the appellant adverse to the interest of his former client.

It is further to be remembered that the trial court's order of dismissal of the litigation pending in Harris County did not deprive the appellant of a forum in which to assert his claim. There had been instituted and is still pending in the County Court of Kennedy County, a proceeding involving this estate. The appellant, by intervening in that proceeding, could easily avail himself of a forum in which to assert his claim.

 Under the circumstances here prevailing and on the authority of those cases cited above, we hold that the trial court did not abuse its discretion in dismissing this case.

The judgment of the trial court is affirmed.