**Virgie Jean Blackwell THARP, Appellant,**

v.

**Carla Jean BLACKWELL, Appellee.**

**No. 8511.**

Court of Civil Appeals of Texas, Texarkana.

July 31, 1978.

Rehearing Denied Aug. 22, 1978.

Ben Z. Grant, Marshall, for appellant.

John J. King, William F. Henri, Dyche, Wright, Sullivan, Bailey & King, Houston, for appellee.

RAY, Justice.

The original opinion of this Court delivered on May 30, 1978, is withdrawn and the following opinion is substituted.

This is a probate proceeding. Appellant, Virgie Jean Blackwell Tharp, guardian of the person and estate of her minor child, Carla Jean Blackwell, filed both the guardian's amended annual account and amended account for final settlement which were objected to by the ward, Carla Jean Blackwell, appellee. Appellee had reached her majority in 1973 and had requested that the guardianship be closed and that the assets be distributed to her. A hearing was held in October 1976 in the County Court of Rusk County concerning the objections and exceptions filed by the ward. After the hearing, the county court entered its order restating the account for final settlement and found that the ward was entitled to receive from the guardian the sum of $252,-802.00 and ordered such amount delivered forthwith to the ward. In addition, the court entered a judgment against the guardian in favor of the ward in the sum of $252,802.00 together with interest at the rate of 9% per annum plus attorney's fees in the amount of $2,500.00 and ordered that the ward be ". . . allowed all such writs and processes that may be necessary, including writs of execution and/or garnishment and all other writs and processes to enforce this Judgment as are in such cases made and provided for by law."

The judgment of the trial court will be affirmed in part and reversed and remanded in part.

Appellant has grouped points of error 1 through 7 in which she contends that the judgment of the trial court is void because the court exceeded its jurisdictional authority by entering a judgment against appellant for more than $1,000.00. In this regard, we have sustained appellant's point of error No. 22 which makes it unnecessary for us to consider appellant's first seven points.

Point of error No. 22 is as follows:

"THE COURT ERRED IN ENTERING A JUDGMENT EXCEEDING THE RELIEF SOUGHT BY THE PLAINTIFF AND PRAYER OF THE WARD."

The prayer filed by the ward in her objections to the annual and final accounts was as follows:

"WHEREFORE, the Ward prays that the Court in all things disapprove said Final Account and that she recover all costs in this behalf expended."

No money judgment was sought against appellant either in her capacity as guardian

or in her individual capacity. No trial amendment was sought or granted and it does not appear that the issue was tried by consent. The trial court thus erred in rendering a personal judgment against appellant when the proceeding was only one to determine the correctness of the annual account and the account for final settlement under Section 408, Tex.Prob.Code Ann. (1956)[1] Tex.R.Civ.P. 301; 4 R. McDonald's, Texas Civil Practice, Sec. 17.27, at 184 (1971); 33 Tex.Jur.2d, Judgments, Sec. 65, p. 564. It is well settled that the court may not grant relief not supported by pleadings or prayer. *Starr v. Ferguson*, 140 Tex. 80, 166 S.W.2d 130 (1942); *Board of Firemen's Relief & Retire. Fund v. Stevens*, 372 S.W.2d 572 (Tex.Civ.App.—Houston 1963, no writ). Neither the pleadings nor the prayer contained in the objections to the annual account and final account support the personal judgment against appellant. Appellant's point of error No. 22 is sustained. It should be noted, however, that since this was a proceeding under Sec. 408 of the Texas Probate Code, the court was under a duty imposed by law to examine the account for final settlement and restate it if that be necessary, regardless of the relief prayed for by the ward. The court also exceeded the relief prayed for when it added 10% compound interest onto the amount due from the guardian to the ward. The court is only authorized to assess damages at the rate of 10% compounded after compliance has been had with Section 414 of the Texas Probate Code.

■ Appellant groups points of error 8 through 19 and complains of the trial court's action in awarding attorney's fees in the amount of $2,500.00. We have concluded after reviewing Rule 170, Tex.R.Civ.P., that it does not authorize nor was it intended to authorize the payment of attorney's fees for failure to comply with an order made under Rule 167. Attorney's fees are available for failure to comply with Rule 169 and Rule 215a, Tex.R.Civ.P. Appellant's points of error 9 and 10 are sustained.

Appellant's points of error 8 and 11 through 19 concerning the attorney's fees are not reached.

■ Next, appellant complains of the admitting into evidence copies of documents which did not comply with the best evidence rule and without a proper predicate being laid for the introduction of such instruments. The thrust of appellant's argument is that the records admitted into evidence were only copies. Article 3731b, Tex. Rev.Civ.Stat.Ann. (Supp.1978), provides that public and business records which have been reproduced by any photocopy method which accurately portrays the original shall be admissible if it is otherwise admissible under Article 3731a or 3737e and that the existence or non-existence of the original shall not affect the admissibility of the reproduction. Preliminary to trial, the county court could have ordered such evidence established under Rule 170 if the court had so desired. Sanctions under Rule 170, Tex. R.Civ.P., are not available for enforcement of a trial judge's orders made in the course of actual trial, however. *American Central Ins. Co. v. Texhoma Stores, Inc.*, 401 S.W.2d 593 (Tex.1966). Appellant's points of error 20 and 21 are overruled.

■ We have examined appellant's points of error 23 and 24 and find that the trial court was in error in finding that the guardian had not filed a motion for continuance but that such constitutes harmless error. A handwritten motion was filed on behalf of the guardian by her counsel as reflected by the record. The court did not err in conducting the hearing on the annual and final accounting in the absence of the guardian. The record reflects that the court had been extremely lenient in previously continuing the case on grounds that the guardian was ill. We find no abuse of discretion on the part of the trial court in proceeding without the guardian under the facts developed in this case. Appellant's point of error 24 is overruled. Point of error 23 is sustained.

---

1. Hereinafter cited as Texas Probate Code.

■ Appellant's point of error 25 concerning the guardian's failure to answer requests for admissions is overruled. The county court was authorized to deem all requests for admissions as admitted pursuant to Tex.R.Civ.P. 169 when the answers had not been timely filed by appellant and when the responses were not signed and sworn to by the guardian.

■ Appellant's points of error 26 and 27 state that the trial court erred in not giving credit for expenditures made by the guardian under the authority of court orders during the guardianship and in not construing the orders to expend funds to be an authorization for expenditures from the corpus of the guardianship estate. These points will be overruled. The evidence in this case indicates, and the court so found, that the mother/guardian was financially able to support her child/ward from her own resources during the pendency of the guardianship. There is no evidence in the record to indicate otherwise. The law of this state imposes upon a parent, who has resources of his own sufficient to maintain his children, and who is also guardian of their estates, to support them out of his own means and he may not have recourse to the estates of the wards. *Moore v. Moore*, 31 S.W. 532 (Tex.Civ.App.1895); Motion for Rehearing Overruled, 32 S.W. 161 (Tex.Civ.App.1895). See 27 Tex.Jur.2d, Guardian and Ward, Sec. 124, pp. 445–446. Appellant's points of error 26 and 27 are overruled except as to their application to social security funds which will be covered later in this opinion.

Appellant's points of error 28 through 31 complain of the trial court's awarding interest against the guardian for unauthorized expenditures and assessing interest against the guardian on sums of money used for the benefit of the guardian at a rate of 10% compounded interest.

■ We have concluded that in the present proceeding in which the annual and final accounts were under review and no other relief sought that the probate code does not give the County Court of Rusk County authority to assess interest against the guardian for the guardian's acts of waste, conversion, mismanagement or negligence. A county court may determine the amount of unauthorized expenditures in restating the final account, subject to appellate review. If the guardian appeals, and the appellate review affirms the actions of the probate court, then the ward may proceed under Section 414, Texas Probate Code, if the guardian fails to deliver the estate to the ward. In addition, the ward after having reached majority, may proceed in a court of competent jurisdiction to recover from the guardian and/or his sureties any loss occasioned by negligence, mismanagement, waste or conversion committed by the guardian. If it is determined that the guardian has used the assets of the ward without proper authority or has misappropriated the assets of the ward, then such court may charge interest against the guardian at the highest rate allowed by law from the date or dates of the appropriation of the funds by the guardian. The highest legal rate shall be calculated on the basis of simple interest rather than compound interest. *Anderson v. Armstrong*, 132 Tex. 122, 120 S.W.2d 444 (1938). See also Section 396, Texas Probate Code, and 27 Tex.Jur.2d, Guardian and Ward, Sec. 322, pp. 594–595. Appellant's points of error 28 through 31 are sustained.

Appellant's points of error 32 through 34 state that the court erred in not allowing the amount of expenditures from the estate for the necessary support and maintenance of the ward. These points are overruled. *Moore v. Moore*, supra.

Appellant's point of error 35 is sustained. The trial court had no authority to enter judgment against the appellant as has been previously stated in this opinion, since no such relief was requested by appellee.

■ Point of error 36 is as follows: "THE COURT ERRED IN FAILING TO FOLLOW THE PROPER PROCEDURE UNDER SECTION 401(e) OF THE TEXAS PROBATE CODE BY ALLOWING THE GUARDIAN TO CORRECT ANY ERRORS FOUND BY SAID PROBATE COURT."

Our review of the record in this case indicates that appellant had ample opportunity to present evidence concerning the annual account and the final accounting and failed to do so. Appellant's point of error 36 is overruled.

Point of error 37 is as follows:

"THE COURT ERRED IN FAILING TO TAKE INTO ACCOUNT ADMISSIONS MADE BY THE WARD THAT SHE RECEIVED NUMEROUS BENEFITS FROM THE GUARDIAN, AND CREDIT SHOULD HAVE BEEN MADE FOR SUCH BENEFITS EVEN IF VOUCHERS WERE UNAVAILABLE TO SUPPORT THE SAME."

■ The guardian is entitled to credit for all benefits received by the ward unless such benefits were bestowed upon the ward by the guardian as gifts. The authority of the guardian to act for the ward comes to an end when the ward reaches majority, whether the court entered an order to that effect or not. *Longoria v. Alamia*, 149 Tex. 234, 230 S.W.2d 1022 (1950). Admissions made by the ward concerning the benefits received should be allowed. It appears that benefits in the sum of $34,864.00 have been admitted and the guardian should be given full credit for such expenditures.

In appellant's points of error 38 through 41 it is contended that the trial court erred in finding that evidence had not been presented to previous county judges concerning the financial condition of the guardian. Those points are overruled because the evidence supports the trial court's findings of fact 16 through 18 which conclude that the guardian did not present any evidence of her financial condition or her financial ability to support the ward from 1961 through 1971.

Appellant's point of error 42 concerning the sales price of the grand piano belonging to the estate is overruled. Request for admission number 9 requested the guardian to admit that the piano was sold to Glendon E. Johnson for $3,350.00. When the guardian refused to answer the request, the court ordered all requests for admissions deemed admitted on October 4, 1976.

■ Appellant's points of error 43 and 44 complain that the trial court did not give the guardian credit for expenditures made to the ward after the ward reached her majority. Appellee states that credit has been given. We are of the opinion that the guardian is entitled to such credit and same should be reviewed for accuracy upon remand of the case.

Appellant's points of error 45 through 47 complain of fact finding number 83 which stated that the guardian sold a 1971 Gremlin automobile owned by the estate for the sum of $1,500.00 and that the proceeds of the sale were unaccounted for in the 1974 annual account. We find such points to be without merit. The court properly treated the matter in its finding of fact number 76.

In point of error 48 appellant states that the trial court erred in reaching conclusion of law number 10 and the findings of fact related thereto because appellant contends that social security survivor benefits are not a part of the corpus of the ward's estate.

■ We agree. Social security survivor benefits are for the support and maintenance of minors, adult college students and others within the limits set by federal law. It is a matter of common knowledge that social security benefits are paid to individual payees for minors, adult college students, and totally disabled adult children who were dependent upon the deceased or totally disabled parent and that such payments are not ordinarily paid to guardians. We are of the opinion that the Social Security Act, 42 U.S.C.A. 405 (1974), preempts the field concerning social security benefits that are paid to an individual payee. Federal regulations provide the following:

"Payments certified to a relative or other person on behalf of the beneficiary shall be considered as having been applied for the use and benefit of the beneficiary when they are used for the beneficiary's current maintenance—i. e., to replace current income lost because of the disability, retirement, or death of the insured individual." 20 C.F.R., Subpart Q, Sec. 404.1604.

Unless the social security benefits are paid directly to the guardianship, they form no part of the corpus of the ward's estate. However, if the social security funds are commingled with guardianship estate funds, then the social security funds must be accounted for by the guardian to the satisfaction of the county court. The same applies if the social security benefits are paid directly to the guardianship. On remand, the trial court will need to determine whether the funds were paid directly to a payee as an individual for the benefit of the minor child or whether the funds were paid to the guardianship or paid to appellant and commingled with funds in the guardianship account.

 Point of error 49 is as follows:

"THE COURT ERRED IN NOT MAKING STATUTORY ALLOWANCES TO THE GUARDIAN."

Section 236 of the Texas Probate Code provides that "The court may direct the guardian of the person to expend, for the education and maintenance of his ward, a sum in excess of the income of the ward's estate; otherwise, the guardian shall not be allowed, for the education and maintenance of the ward, more than the net income of the estate. . . ." Appellant complains that the trial court failed to give her credit for monies expended for maintenance and education of her ward. We find appellant's point of error to be without merit since appellant was financially able to support her daughter without invading the income or corpus of the ward's estate.

Appellant's fiftieth point of error is as follows:

"THE COURT ERRED IN NOT TAKING INTO CONSIDERATION THE GENERAL AND USUAL PRACTICE IN THE AREA OF NOT REQUIRING VOUCHERS TO BE ATTACHED TO THE ANNUAL ACCOUNTINGS IN GUARDIANSHIP PROCEEDINGS."

 Sections 399 and 405 of the Texas Probate Code require supporting vouchers for annual accounts and accounts for final settlement. Probate courts should never dispense with the requirement of supporting vouchers. If vouchers cannot be obtained or have been lost or destroyed, then the probate court should have the guardian make other proof satisfactory to the court and such proof should be filed with the annual account or the final account.

Appellant's fiftieth point of error is overruled.

The judgment of the trial court is affirmed in part and reversed and remanded in part. That portion of the cause that is remanded shall be for further proceedings not inconsistent with this opinion. Costs shall be taxed one-half to the appellant and one-half to the appellee.