Mary Jean **WAGUESPACK**, Appellant,

v.

M. H. **HALIPOTO**, Appellee.

No. C2987.

Court of Appeals of Texas,
Houston (14th Dist.).

April 15, 1982.

Charles R. Houssiere, III, Houston, for appellant.

Elaine B. Davis, Richard L. Josephson, Baker & Botts, Houston, for appellee.

Before MILLER, MORSE and JAMES, JJ.

MILLER, Justice.

Appeal is brought from an order of the trial court dismissing appellant's cause of action. Appellant filed a Motion to Reinstate, Set Aside a Prior Order of This Court and a Motion for New Trial, claiming the trial court abused its discretion by dismissing the case. The court denied appellant's motions, and she perfected this appeal. We find no abuse of discretion by the trial court and we affirm.

The primary issue presented on appeal is whether the trial court abused its discretion and violated the intent and purpose of the discovery rules of the Texas Rules of Civil Procedure when it imposed sanctions against appellant and eventually dismissed her case. This issue finds its way into six separate points of error. Underlying all points is the important question of the extent of the new authority provided a trial judge by the 1981 amendments to the Rules to bring about general compliance with the discovery procedures. In finding no trial court error or abuse of discretion we wish to make it clear we see this new authority as "broad, flexible and plural." *Knox v. Long*, 152 Tex. 291, 257 S.W.2d 289 (1953); *Fisher v. Continental Ill. Nat'l Bank & Trust Co. of Chicago*, 424 S.W.2d 664 (Tex. Civ.App.—Houston [14th Dist.] 1968, writ ref'd n. r. e.). The Rules provide a trial judge with the tools to facilitate the litigation of lawsuits and, to a certain extent, to prevent abuse of the legal process. This discretion is therefore appropriately broad. *See* Pope & McConnico, *Practicing Law with the 1981 Texas Rules*, 32 Baylor L.Rev. 457 (1980); Comment, *Imposition and Selection of Sanctions in Texas Pretrial Discovery Procedure*, 31 Baylor L.Rev. 191 (1979); *See also* Spears, *The Rules of Civil Procedure: 1981 Changes in Pre-Trial Discovery*, 12 St. Mary's L.J. 633, 640–646 (1981).

In order to clearly determine whether there was any abuse of discretion by the trial court we must examine the facts of the case. On February 12, 1981, appellant filed her original petition alleging appellee committed professional medical negligence on her person resulting in numerous physical injuries. Appellee answered through his attorney on March 10 with a general denial and special exceptions. Three days later appellee sent appellant a list of Interrogatories and his First Request for Production of Documents (Request). In his Request, appellee sought to obtain, among other information, medical records, correspondence, reports and names of proposed expert witnesses, and federal income tax returns. This information was to be produced within 30 days after the receipt of the Interrogatories and the Request by appellant.

Appellant failed to respond to either the Interrogatories or the Request within the 30 day period. On May 28, appellee filed a Motion for Sanctions seeking either a dis-

missal of the action or a striking of the pleadings. This action induced Plaintiff's (appellant's) Answers to Defendant's Interrogatories on June 10, but not the production of any documents. A hearing attended by counsel for both parties was held by the trial court on June 22. After hearing arguments, the trial court granted appellee's Motion for Sanctions and orally ordered appellant to produce the requested documents and pay appellee's counsel $100.00 in attorney's fees on or before July 22. The court further ordered that should appellant fail to comply with the order her cause of action would be dismissed. A written order to that effect was signed on July 31.

Appellant failed to file the ordered response or to pay the attorney's fees by the required date. Therefore, on July 28, appellant filed a Motion to Dismiss the cause of action on the ground appellant had failed to comply with the court's order. This action prompted appellant to return her Response to Defendant's First Request for Production of Documents on July 31. Appellant, however, still failed to pay the ordered $100.00 in attorney's fees to appellee's counsel. Appellee went forward with his Motion to Dismiss and a hearing was held at the trial court on August 24. Although notified, appellant's counsel failed to appear at the hearing. The trial court found appellant had failed to comply with its order of June 22, and accordingly dismissed the cause of action.

Thereafter, appellant filed a Motion to Reinstate, Set Aside Prior Order of this Court and a Motion for New Trial within 30 days of judgment. A hearing was heard on September 21, where, after argument by both counsel, appellant's motions were overruled. Appellant then perfected this appeal.

Appellant presents her first three points of error concurrently, and we will consider them in like order. She argues the trial court erred and abused its discretion in dismissing her case and in failing to reinstate the case or grant the Motion for New Trial. She claims she filed her response to appellee's Request for Production of Documents shortly after the Motion to Dismiss was filed and almost one month before the hearing on August 24. She therefore maintains that since she "complied" with the court's order of June 22 (save the $100.00 in attorney's fees which is a separate point of error), there was no reason to dismiss her suit and the court abused its discretion in doing so.

■ We disagree. We see no abuse of discretion by the trial court in dismissing the cause and in overruling appellant's post-dismissal motions. In order to adequately consider questions of abuse of discretion of a trial judge in imposing sanctions to facilitate compliance with the discovery rules and to prevent abuse we must turn to the Texas Rules of Civil Procedure and the accompanying case law.

Appellee's Motion to Sanction was filed pursuant to authority found under Rules 167 and 170, Tex.R.Civ.P. Rule 167, under which appellee filed his First Request for Production of Documents on March 13, provides the procedure for the discovery and production of documents, including means of securing compliance. Rule 170 is the rule designed for imposing sanctions for a refusal to participate in discovery under Rule 167. Rule 170 provides in pertinent part:

If any party ... refuses to obey an order made under Rule 167 the court may make such orders in regard to the refusal as are just, and among others, the following:

\* \* \* \* \* \*

(c) an order striking out pleadings or parts thereof, ... or dismissing the action or proceeding or any part thereof ...

Rule 170(c), therefore, specifically provides for the dismissal of all or part of a cause of action of a party failing to comply with a discovery order under Rule 167.

A trial court's authority to impose the above sanctions, including the dismissal of a case, has been long its in development but continuous in its progression. In *Knox v. Long*, 152 Tex. 291, 257 S.W.2d 289 (1953),

the Supreme Court began to speak in the terminology of "penalty provisions" in the Rules, giving trial courts broad authority to facilitate compliance with discovery rules. *Id.* at 296.

In 1968, this Court first addressed the issue of the imposition of discovery sanctions in *Fisher v. Continental Ill. Nat'l Bank & Trust Co. of Chicago,* 424 S.W.2d 664 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ ref'd n. r. e.). There, this Court affirmed the trial court's dismissal of a suit for a plaintiff's failure to attend a deposition, even though the plaintiff resided in Florida. Writing for the Court, Chief Justice Tunks spoke to both the liberal use of pre-trial discovery procedures and the provisions in the Rules for the enforcement of those procedures:

> [M]otions ... to impose penalties for failure or refusal to comply with discovery orders, must be addressed to the sound discretion of the trial court. The rules as to the taking of depositions vest broad discretion in the trial court ... (citation omitted) ... The refusal of a trial court to stay the taking of a deposition may be set aside *only upon a showing of a clear abuse of discretion ... Knox v. Long* clearly indicates that the trial court has broad discretion in making application of those penalties which are provided for in the rules.

*Id.* at 670, (emphasis supplied).

The 1981 amendments to the Rules have even expanded this "broad, flexible and plural power" of trial judges to obtain compliance with the discovery rules. *See and compare* the pre-1981 versions of Rules 167, 168 and 201 with their current progeny. *See also* Spears, *The Rules of Civil Procedure supra.* Even though the two primary sanction rules, Rules 170 and 215a, were not amended as of 1981, their provisions have also taken on new meaning as a result of the rules they affect. Pope & McConnico, *Practicing Law With the 1981 Texas Rules, supra.*

The rule of concern in the instant case, Rule 167, has seen an expansion of its sanction authority to include an additional purpose beyond merely facilitating compliance with the Rules. The sanction authority of Rule 167, seen in conjunction with Rule 170, now allows a trial judge to strike pleadings, stay proceedings or dismiss actions for abuse or impropriety during the discovery process. Justice Pope's article is especially informative as to the two-fold purpose behind the Rule 167 sanctions.

> The new Rule 167 sanction is intentionally broad. It applies to both a request which is not "within the scope of Rule 167" or "is unreasonably frivolous or a harassment," and to a response which is "unreasonably frivolous or made for the purpose of delay." Previously, Texas trial judges had "broad, flexible, and plural" power to select the type of discovery *sanction* they wished to impose. Now the type of discovery *misconduct* which merits the imposition of a sanction is equally broad. Allowing judges broad sanctioning powers is not an answer in itself. There must also be an intent on the part of trial judges to employ the new sanctions to deter discovery abuse. It has been stated that "judicial reluctance to employ these sanctions vigorously in the past has afforded much latitude to parties intent on impeding litigation." Judges may be reluctant to impose sanctions because they do not want a client to suffer for the sins of his attorney. This reluctance, however, avoids the real issue of which client pays for the discovery abuse—the client of the abusing attorney or the client of the non-abusing attorney. Monetary sanctions for discovery abuse will probably be paid by the abusing attorney's client. The cost of *unpenalized* discovery abuse, however, will likewise probably be paid by the non-abusing attorney's client, and the cost does not stop there. The failure to apply sanctions for discovery abuse only encourages future abuse which will be paid for by future clients. It is cheaper and simpler to put the cost of discovery abuse where it belongs from the beginning—on the abusing attorney and his client.

*Id.* at 467–468.

It is therefore clear a trial court possesses expansive power to facilitate the discovery

process. Turning to the facts of this case, it is also clear there was no abuse of discretion in Judge Hittner's dismissing appellant's cause of action. A review of the facts reveals constant delay, failure to obey orders of the court, and general abuse of the discovery process by appellant.

Appellant answered appellee's Interrogatories over one and one-half months late and only after the filing of the Motion for Sanctions. The Motion, however, did not produce a reply to the Request for Production. Appellant's reply did not come until after a hearing was conducted on the Motion, an Order was delivered by the Court, a 30 day time for compliance had passed, and the eventual Motion to Dismiss was filed. Even after all this inattention and delay by appellant (appellant's reply to the Request was filed some three and one-half months after it was due), she continued to disobey the court's order by not forwarding the required attorney's fees. In a final affront to the trial court's attempts to effectuate the discovery process, appellant failed to attend the hearing on the Motion to Dismiss. In all, appellant's failure to comply with the clear direction of the Rules necessitated two court hearings (not including the two later hearings on the Motions to Reinstate and for New Trial) and wasted some five months of time. Judge Hittner certainly did not abuse his broad discretion in dismissing the case.

Two recent decisions by the First Court of Civil Appeals support our holding there was no abuse of discretion in dismissing this case. In *Southern Pacific Transportation Co. v. Evans*, 590 S.W.2d 515 (Tex.Civ.App. —Houston [1st Dist.] 1979, writ ref'd n. r. e.), the court affirmed the trial court's striking of pleadings for discovery abuse. Where the appellant failed to answer interrogatories for some six months, the First Court agreed that "severe sanctions" were appropriate for willful abuse. *Id.* at 519. As to the position of the appellate courts in reviewing trial court sanctions, the court held:

The choice of the appropriate sanctions is for the trial court, and as long as (sic)

such sanctions are within the authority vested in the trial court, they will not be overturned unless they constitute clear abuse of discretion.

*Id.* at 518.

In *Bottinelli v. Robinson*, 594 S.W.2d 112 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ), a case closely on point, the trial court struck the plaintiff's pleading and dismissed his case for failing to comply with a court order to produce documents under Rule 167. In affirming the dismissal of the cause of action, the First Court set the standard of review:

In deciding whether or not there was an abuse of discretion, it is not for us to substitute our judgment for that of the trial court. Rather, the question is whether the trial court's decision was arbitrary or unreasonable. *Landry v. Travelers Insurance Company*, 458 S.W.2d 649 (Tex.1970). Rule 170 endows a trial court with broad discretion to fashion an effective remedy, given the particular circumstances, for failure of a party to comply with discovery rules. Hence, the court's action can be set aside only upon a showing of a clear abuse of that discretion. *Meyer v. Tunks*, 360 S.W.2d 518 (Tex. 1962); *Fisher v. Continental Illinois Bank and Trust Company of Chicago*, 424 S.W.2d 664 (Tex.Civ.App.1968, writ ref. n. r. e.)

*Id.* at 117.

Appellant further argues the trial court dismissed the case because she failed to produce information not in her possession or under her control. She claims she did not possess the requested documents (names of expert witnesses, medical records, etc.) and could not produce them. Therefore, she claims the trial court penalized her for not following an order she was powerless to obey, and the dismissal was an abuse of discretion.

We disagree. Appellant's case was not dismissed because she failed to produce documents not in her possession. Her case was dismissed because she abused the discovery process and failed to comply with a direct order of the court. On June 22 the court

ordered appellant to reply to the Request and pay the $100.00 in attorney's fees on or before July 22, *or her lawsuit be dismissed.* Appellant failed to reply within the ordered time period. Faced with a direct violation of its order, the court held a hearing to determine whether the case should be dismissed. Since appellant failed to attend the hearing and argue against dismissal the court was within its authority to impose the sanctions. There was no abuse of discretion by the trial court in dismissing appellant's cause of action and refusing to reinstate the case. *Bottinelli, supra; Southern Pacific Transp. Co., supra.* Appellant's points of error one, two and three are overruled.

Through her points of error four and five appellant raises two arguments that are wanting of merit. First (point of error four), appellant argues the trial court erred and abused its discretion in dismissing her case *with prejudice.* Appellant attempts to mislead this court with such an argument. Judge Hittner's order dismissing the case on August 26 specifically states the case was dismissed without prejudice:

BE IT REMEMBERED that on this 24th day of August, 1981, came on to be heard defendant Dr. M. H. Halipoto's Motion to Dismiss in the above entitled and numbered cause, and the Court having heard the Motion and argument of counsel, and having found that plaintiff failed to comply with the Court's Order of June 22, 1981, finds that defendant's Motion to Dismiss is good and should be granted. It is, accordingly,

ORDERED that this cause be, and the same is hereby, dismissed *without prejudice.*

(emphasis supplied). While the order of June 22 imposing sanctions states that failure to comply with the order would result in a dismissal with prejudice, this did not occur. Appellant's argument is fallacious.

Second (point of error five), appellant claims the trial court erred and abused its discretion in granting the sanctions order on July 31 which required an act to be completed one week earlier on July 22. Once again, appellant attempts to mislead

this Court. While the order has a signed date of July 31, 1981, the order was orally issued from the bench on June 22. A quick check of the trial court's docket sheet reveals a June 22 entry of the oral order requiring appellant's compliance by July 22. Even though this order was not signed until July 31, appellant's counsel was present at the June 22 hearing and knew of the oral pronouncement. For appellant to raise this argument on appeal is incredible. Appellant's points of error four and five are overruled.

In her last point of error appellant claims the trial court erred in ordering the $100.00 attorney's fees to be paid to appellee's counsel. She directs us to the case of *Tharp v. Blackwell,* 570 S.W.2d 154 (Tex.Civ.App.— Texarkana 1978, no writ), where now—Supreme Court Justice Ray held that Rule 170 does not authorize the payment of attorney's fees for a failure to comply with an order made under Rule 167. *Id.* at 158. Since she complied with all of the trial court's order except the payment of the attorney fees prior to the hearing on the Motion to Dismiss, appellant claims the trial court erred in ordering her to do something not authorized by law.

■ We disagree. While appellant correctly quotes the holding of *Tharp v. Blackwell, supra,* we see this authority as being negated by the 1981 amendments to Rule 167. We therefore decline to follow the reasoning of that case.

A careful reading of the changes to Rule 167 reveals a court is now empowered to impose reasonable attorney's fees against a party whose response to a Request is unreasonably frivolous or made for the purpose of delay. Rule 167(3). Certainly, an unjustified failure to respond which in turn causes delay fits within this rule. Even though Rule 170 was not amended in 1980 and contained the same language in *Tharp* as it does today, the rule is contingent upon discovery orders made under Rule 167. The instant sanction order imposing attorney's fees was made under the new authority of Rule 167. Clearly, the Rules were not intended to contradict each other by provid-

ing for attorney fees and then denying such a recovery. We hold that the power to impose Rule 167(3) attorney fees comes within those orders "as are just, among others" authorized under Rule 170. This point of error is overruled.

Since all points of error are overruled, the order of trial court dismissing appellant's cause of action is affirmed.