Anthony SCHAVER, Appellant,

v.

BRITISH AMERICAN INSURANCE COMPANY, Appellee.

No. 09–89–045 CV.

Court of Appeals of Texas, Beaumont.

Aug. 30, 1990.

**876**

Howard C. Sadler, Port Arthur, Gerald Eddins, Umphrey, Eddins & Carver, Beaumont, for appellant.

Richard Scheer, Strong, Pipkin, Nelson & Bissell, Beaumont, for appellee.

Before BROOKSHIRE, BURGESS and SMITH,[1] JJ.

## OPINION

SMITH, Justice.

Appellant's workers compensation case was dismissed with prejudice because he failed to comply with sanctions imposed by the court. Appellant's sole point of error alleges that the trial court erred in imposing sanctions because he failed to reveal post-injury employment, and in dismissing his cause of action because he failed to comply with the court's sanction order.

Anthony Schaver, appellant, was injured in the course and scope of his employment on September 16, 1986. He timely filed his claim, and after the Industrial Accident Board made its award, appellant perfected his appeal to the trial court.

Appellee commenced its discovery, and when it discovered that appellant was falsifying information, it filed a motion for sanctions. The following facts were developed by appellee at a hearing on its motion for sanctions that commenced on October 12, 1988.

August 13, 1987—Appellant's sworn answers to interrogatories propounded by appellee indicated no post-injury wages or employment.

January, 1988—Appellant supplemented the interrogatories but did not supplement or change prior answers on post-injury wages or employment.

January 28, 1988—Appellant's deposition taken. In response to question whether he had worked since accident, he answered, "No, Sir."

February, 1988—Appellee subpoenaed Texas Employment Commission work records.

---

1. The Honorable Jackson B. Smith, Jr., retired, Court of Appeals, First District at Houston, sitting by assignment.

March, 1988—Deposition of Dr. Archambault, appellant's physician, taken. Cost $4200.

June 5, 1988—Second set of written interrogatories propounded by appellee to appellant to discover post-deposition work status and medical status.

June 29, 1988—Appellant answered the second set of interrogatories by saying "No" to question which inquired if he had performed any type of work since his deposition was taken on January 28, 1988.

July, 1988—Appellee's counsel received Texas Employment Commission work records on appellant and found that appellant had worked for Chem Coast, Inc. in June through September 1987; advised appellant's counsel that appellant had been working and was "lying."

August, 1988—Appellant filed "amended response" that changed his answer in deposition from a "no" answer to say that he had worked for Chem Coast, Inc.; he also filed an amended answer to interrogatories giving the same information.

August, 1988—Deposition of appellant's medical expert taken.

September 6, 1988—Appellee filed a motion for sanctions against appellant based on fact that appellant was employed at the time he swore, in answer to interrogatories, that he had not been employed since injury made the basis of this suit.

October 4, 1988—Appellee discovered appellant had obtained employment by second company, Control Petro–Chem Inspection Company, and was working there when his deposition was taken, and when he filed his "amended" response to deposition, and when he made his "amended" answer to interrogatories admitting his employment by his first employer, Chem Coast, but not making a disclosure of his second employment.

October 10, 1988—Appellee supplemented its motions for sanctions with the information it had obtained on October 4, 1988, concerning appellant's second employment.

At the sanction hearing, after appellee rested, appellant presented no evidence. On October 13, when both sides had completed their oral argument, the court orally pronounced its judgment. On October 18, the trial court signed its judgment ordering sanctions. In the judgment, the court made the following findings of fact:

(1) [Appellant] Intentionally falsified testimony and information given under oath on numerous occasions throughout the discovery process.

(2) [Appellee] Has taken the depositions of the [Appellant], Dr. Patten and Dr. Archambault without knowledge of plaintiff's subsequent work history ... and that truthful responses ... [by appellant] to depositions and interrogatories should have provided.

(3) [Appellee] Has expended the sum of $8600 cost, witness fees, and reasonable attorneys fees in connection with the taking of depositions in the preceding paragraph.

(4) [Appellee] Has incurred costs and reasonable attorney's fees of $1200 in the preparation and prosecution [of this motion] ... all of which was necessitated by [appellant's] conduct....

In its judgment, the court ordered appellant to reimburse the appellee $9800 within thirty days. It also ordered that failure to strictly comply with this order would result in the striking of appellant's pleadings, and dismissal of his case, with prejudice. The court also included in its order certain provisions concerning future costs and events which provisions are not applicable to this appeal.

On October 26, appellant filed two motions with the court. One motion requested a jury trial before November 17, (one day before the $9800 sanction was due to be paid by appellant) and the other motion requested a new hearing on the appellee's motion for sanctions. Both of these motions were denied by the court.

On November 2, appellant filed a motion to amend the trial court's October 18th sanction order. Attached to that motion

was appellant's affidavit setting forth his reasons why he had not told the truth during the various discovery procedures. Appellant also asserted that he was destitute and could not pay the $9800 sanctions ordered by the court. This motion was also denied.

Appellant did not pay the $9800 to the appellee within thirty days as ordered by the court, and on December 12, 1988, the court signed its order striking appellant's pleadings and dismissing appellant's lawsuit.

Appellant's sole complaint is that the trial court erred in imposing sanctions predicated on his failure to reveal post-injury employment during pretrial discovery. He does not question the authority of the trial court to impose sanctions. However, he does challenge the authority of the court to impose the harsh sanction of dismissing his lawsuit merely because he falsified his employment status. He asserts that the dismissal of his lawsuit was unwarranted under the facts of the case and amounted to an abuse of discretion.

■ Appellant has not raised a point of error attacking the trial court's findings or the sufficiency of the evidence to support those findings; therefore, we must presume that the evidence adduced at the hearing on appellee's motion for sanctions supports the trial court's findings that appellee incurred $9800 in cost, which costs were incurred because of appellant intentionally falsifying testimony and information while under oath in the discovery process. *See, De Benavides v. Warren,* 674 S.W.2d 353, 356 (Tex.App.—San Antonio 1984 (writ ref'd n.r.e.)) (Trial Court's findings of fact are binding unless challenged by point of error on appeal).

In order to protect the integrity of the courts, and to protect the courts, parties, and other persons involved in a lawsuit, the Texas Supreme Court has promulgated rules to prevent abuse of the discovery process. It has given the courts authority to impose sanctions when the process is abused. TEX.R.CIV.P. 215.

In addressing the abuse of the discovery process, Rule 215 provides in pertinent part:

If the court finds a party is abusing the discovery process in seeking, making or resisting discovery ... then the court in which the action is pending may impose any sanction authorized by paragraphs ... (8) of paragraph 2b of this rule.

Paragraph 2(b)(8) states as follows:

In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him, or both, to pay, at such time as ordered by the court, the reasonable expenses, including attorneys fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust. Such an order shall be subject to review on appeal from the final judgment.

■ The standard of review in considering sanctions imposed by the trial court is whether the trial court abused its discretion. *Bodnow Corp. v. City of Hondo,* 721 S.W.2d 839, 840 (Tex.1986); *Alexander v. Barlow,* 671 S.W.2d 531, 534 (Tex.App.— Houston [1st Dist.] 1983, writ ref'd n.r.e.). The sanctions adopted by the trial court will be overruled only if the reviewing court determines that the trial court abused its discretion as a matter of law. *Bodnow,* 721 S.W.2d at 840.

■ The evidence adduced at the sanctions hearing shows that the appellant, while under oath, falsified his employment status on at least five occasions. It further shows that appellant did not admit he had been working until he was confronted with his work record from the Texas Employment Commission. Even then, he only admitted that he had worked for one employer, and did not disclose the fact that he was then employed by a second employer. Whether you classify appellant's conduct as falsification or lying is immaterial because the results are the same; that is, the appellee will have to redepose the appellant and his witnesses, the two doctors.

At the sanctions hearing, appellant offered no evidence to justify or explain why he had falsified his employment status or had not disclosed the fact that he had been employed on two separate occasions after his injury. Appellant's counsel, in oral argument to the court, attempted to explain why the appellant had falsified his work record. This argument was not supported by any evidence. Furthermore, it was not until approximately two weeks after the court had dismissed appellant's lawsuit that he presented any reasons or justification for falsifying information. In an affidavit attached to his motion to amend the court's order, he stated that he had to work, after his weekly compensation benefits had been cut off by the appellee, to support himself, his wife, and their two children.

Appellant characterizes the issue before this court as whether the trial court abused its discretion in dismissing appellant's lawsuit because he falsified his post-injury work record. We believe this to be a mischaracterization of the issue. We believe the issue to be, did the trial court abuse its discretion in dismissing appellant's lawsuit based upon the failure of the appellant to comply with the sanctions imposed by the court. *See, Waguespack v. Halipoto*, 633 S.W.2d 628, 632–633 (Tex.App.—Houston [14th Dist.] 1982, writ dism'd).

■ The purpose of discovery sanctions are to: (1) secure the party's compliance with the rules of discovery, (2) deter other litigants from violating the discovery rules, and (3) punish parties that violate the rules of discovery. *See, Bodnow*, 721 S.W.2d at 840.

In this case, the trial court's sanction was to make appellant pay to appellee $9800 for incurred costs and reasonable attorney's fees, all of which were necessitated by appellant's misconduct. This type of sanction is expressly authorized in Rule 215(2)(b)(8). The *Phillips* case relied on by appellant is not applicable because it was decided under former rule 215 and before the 1981 and 1984 amendments to the current rule 215. *See, Phillips v. Vinson Supply Company*, 581 S.W.2d 789 (Tex. Civ.App.—Houston [14th Dist.] 1979, no writ). Because *Phillips* was decided prior to the 1981 and 1984 amendments to rule 215, we decline to follow its reasoning. *See, Waguespack, supra*, at 633.

The dismissal of a plaintiff's lawsuit is a harsh sanction to be imposed by a trial court. However, in this instance, appellant was ordered to pay costs which were incurred unnecessarily because he intentionally and knowingly falsified facts on at least five occasions during the discovery process. The trial court followed the *Bodnow* guidelines in the imposition of the cost sanction. We cannot conclude, as a matter of law, that the trial court's order was not just or that the court abused its discretion in dismissing appellant's lawsuit when appellant failed to comply with the trial court's order to pay costs occasioned by his own misconduct.

■ Appellant also asserts that the dismissal of his lawsuit is a violation of due process of law. He argues that such a sanction, in effect, punishes a poor person more than a rich person. He states that he is a pauper only because appellee stopped paying his weekly compensation benefits and his due process rights have been violated because he does not have the ability to pay the $9800 sanctions imposed by the court. He cites no authority to support this contention.

We note that the appellee ceased paying weekly compensation benefits to appellant when appellant's doctor filed a report stating appellant could return to work. Under such circumstances, appellant's claim that appellee caused him to be a pauper seems to be misplaced. We also note that appellant has not asserted that he was denied procedural due process in any respect. He only states that his right of due process is violated because he cannot pay the sanctions imposed by the court. We find no merit to this contention.

■ Due process generally requires that certain procedural rules be followed in the expression of legal rights. Failure to follow those rules may curtail those rights. *Insurance Corp. of Ireland, Ltd. v. Com-*

*pagnie des Bauxites,* 456 U.S. 694, 705, 102 S.Ct. 2099, 2105, 72 L.Ed.2d 492 (1982). This same rule has been adopted by Texas Courts. *Wyatt v. Shaw Plumbing Co.,* 736 S.W.2d 763, 767 (Tex.App.—Corpus Christi 1987), *rev'd on other grounds,* 760 S.W.2d 245 (Tex.1988). Because the trial court afforded the appellant every procedural right to which he was entitled, appellant's due process rights have neither been violated nor are they implicated in this case.

Appellant's final argument is that sanctions, other than the $9800 cost sanction, imposed by the trial court violate Article 8306 § 3(b) of the Texas Worker's Compensation Act. As we have previously noted, the other sanctions, referred to by appellee, pertain to future events and future costs. They were applicable only in the event of certain contingencies, which contingencies never occurred. We consider those sanctions to be immaterial to this appeal because they had no bearing upon the trial court's dismissal order. Accordingly, we express no opinion on the other sanctions ordered by the trial court.

The judgment of the trial court is affirmed.

AFFIRMED.

BURGESS, Justice, concurring.

The state of the record and the well-reasoned and well-analyzed majority opinion forces me to concur rather than dissent. I say this because the majority quite correctly points out:

> Appellant has not raised a point of error attacking the trial court's findings or the sufficiency of the evidence to support those findings; therefore, we must presume that the evidence adduced at the hearing on appellee's motion for sanctions supports the trial court's findings that appellee incurred $9800 in cost which costs were incurred because of appellant intentionally falsifying testimony and information while under oath in the discovery process. *See, De Benavides v. Warren,* 674 S.W.2d 353, 356 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.) (Trial Court's findings of fact are

binding unless challenged by point of error on appeal).

It seems highly unlikely that appellant's false testimony would render 100% of the previously taken depositions worthless. Thus, the entire cost of taking those depositions were not lost. Consequently, the trial court requiring appellant to pay those entire costs, $8600, or suffer the sanctions was an abuse of discretion.

As previously noted, the matter is not before us in that posture. Therefore, I must concur in the result.