Thomas Richard VIGGIANO, Relator,

v.

Honorable Don R. EMERSON,
Respondent.

Thomas Richard VIGGIANO, Relator,

v.

Nicki RIPPETEAU, Respondent.

Nos. 07–90–0167–CV, 07–90–0168–CV.

Court of Appeals of Texas,
Amarillo.

July 25, 1990.

Ronald E. Walker, Jr., Amarillo, for relator.

Garner, Stone & Lovell (Nancy J. Stone and Joe L. Lovell), Amarillo, for respondent Nicki Rippeteau.

Before DODSON, BOYD and POFF, JJ.

PETITION FOR WRIT OF MANDAMUS

MOTION FOR LEAVE TO FILE PETITION FOR ACCESS TO SUBJECT CHILDREN DURING PENDENCY OF APPEAL

BOYD, Justice.

In Cause No. 07–90–0167, relator Thomas Richard Viggiano (Viggiano) seeks a writ of mandamus directing the Honorable Don R. Emerson, Judge of the 320th District Court of Potter County, Texas, to vacate certain orders more fully described below. In Cause No. 07–90–0168, Viggiano seeks leave to file a petition requesting this Court to grant him specific access to the

children born to the marriage of himself and Nicki Rippeteau (Rippeteau) pending decision of his appeal in Cause No. 07–89–0307–CV presently pending in this Court. We deny both requests. Both matters are so closely interrelated and intertwined that we will consider and discuss them together.

A brief resume of the somewhat complicated history of the matters giving rise to these proceedings is necessary. On July 28, 1989, respondent Judge Emerson rendered a judgment modifying a Minnesota divorce decree between Viggiano and Rippeteau and some subsequent child custodial orders of the Minnesota court. Viggiano challenged respondent's jurisdiction to do so and that is the matter on appeal in our Cause No. 07–89–0307–CV.

On February 2, 1990, respondent Emerson entered an order denominated as an "Order for Writ of Capias" which ordered the arrest of Viggiano for a failure to appear at a hearing on Rippeteau's motion for enforcement of a support order by contempt. On March 16, 1990, he entered a temporary injunction enjoining Viggiano from removing the children beyond Potter and Randall counties.

In his petition for writ of mandamus, Viggiano seeks an order from us directing respondent to rescind his capias order of February 2, 1990, and the temporary injunction order dated March 16, 1990. In addition, he requests an instruction from us to the trial court to refrain from entering any additional orders during the pendency of the appeal in Cause No. 07–89–0307–CV, except under circumstances which this court might prescribe.

In the seminal case of *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916 (Tex.1985), the Court explicated the principles governing the grant of a writ of mandamus. The teaching of that case is that mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law, and, absent these circumstances, a court of appeals acts in excess of its writ power if it grants mandamus relief. *Id.* at 917. A trial court, on the other hand, abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Id.*

A relator who attacks the ruling of a trial court as to an abuse of discretion labors under a heavy burden since that relator must establish that under the circumstances of the case, the law and the facts permit the trial court but one decision. That determination is necessary because mandamus will not issue to control the action of a lower court in a matter involving discretion. *Id.* It is also the rule that an appellate court lacks jurisdiction to issue writs of mandamus to supervise or correct incidental rulings of a trial judge when there is an adequate remedy by appeal. *Abor v. Black*, 695 S.W.2d 564, 566 (Tex.1985).

Initially, and in support of his argument that he is entitled to the relief sought, relator continues to assert that since the Minnesota court has continuing jurisdiction of the matters in controversy, the Texas court had absolutely no authority to enter the orders in question. The question of the Texas court's jurisdiction vis-a-vis that of the Minnesota court is being considered on appeal in our Cause No. 07–89–0307–CV. Consequently, we will not discuss that question in this proceeding.

■ The main thrust of Viggiano's argument is that the trial court simply had no statutory authority to enter the orders in question. Texas Family Code Annotated § 11.11(e) (Vernon 1986)[1] provides that within 30 days after the date an appeal is perfected, on its own motion or the motion of any party, the trial court may make any order necessary to preserve and protect the welfare of the children as it deems necessary and proper. Subsections 2 and 4 of the section specifically provide that such orders may require temporary support of the children or prohibit a person from removing the children from beyond a geographical area identified by the court. By this specific reference, Viggiano theorizes, the trial court's authority to enter such

1. Later references to section numbers are to those sections of the Texas Family Code.

order was limited to the 30 day period. Since the orders in question were entered beyond 30 days from the date of its order assuming jurisdiction, Viggiano argues, the trial court exceeded its authority in entering them. We disagree.

To accept Viggiano's theory would be to say that subsequent to the 30 day period, the trial court would have no power to enter any order concerning a case on appeal regardless of how urgent the necessity. There are many circumstances which might occur while a case is on appeal when the intervention of a court might be necessary for the protection and well being of the children which can not always be anticipated within that 30 day period. Many, if not most, of those circumstances would require an evidentiary hearing and resolution of factual conflicts which might arise because of evidence produced at such a hearing.

As this court said in *Bivins v. Bivins,* 709 S.W.2d 374, 376 (Tex.App.—Amarillo 1986, no writ):

> An appellate court is not equipped to handle evidentiary hearings, having neither the personnel nor the facilities for that purpose. We could, of course, direct the trial court to hold the evidentiary hearing and send us the record, ... but that is an awkward, expensive and time consuming procedure.

*See also Sullivan v. Sullivan,* 719 S.W.2d 239, 239–40 (Tex.App.—Dallas 1986, writ denied).

Section 11.11(a) provides that in a suit involving the parent-child relationship, the trial court may make any temporary order for the safety and welfare of children, including an order prohibiting a person from removing a child beyond a geographic area identified by the court. While the necessary thrust of Viggiano's contention would be that this portion of the section applies only to prejudgment orders, we do not agree. It seems a more reasonable interpretation that a trial court may make any such orders that become necessary because of circumstances that arise after 30 days from the date of the judgment from which appeal is taken.

This interpretation would allow the trial court to continue the function for which it is peculiarly suited, *i.e.,* the taking of evidence and the resolution of factual disputes, without the inherent cumbersome delay and inefficiency if it were necessary for an appellate court to receive such applications for relief, direct the trial court to hold an evidentiary hearing, forward the record of such hearing, and then enter such an order on the basis of that record. We conclude, then, that the trial court had jurisdiction to enter such temporary orders pending the final disposition of the appeal.

■ Since we have held that § 11.11(a) authorizes the trial court to make this type of order provided the circumstance requiring entry of such an order arises subsequent to the 30 day period referred to in § 11.11(e), and § 11.11(g) provides such temporary orders are not subject to interlocutory appeal, it next becomes our duty to determine if the trial court abused its discretion in entering the temporary injunction.

Our review of the statement of facts concerning the testimony heard by the trial court reveals testimony by Rippeteau asserting her fears that Viggiano might not return the children to this jurisdiction if allowed visitation outside Texas. At least part of that testimony refers to fears engendered by activities of Viggiano shortly before the hearing on March 16, 1990, and in excess of 30 days after the judgment from which appeal has been taken. Consequently, we cannot find that the trial court's action in limiting the visitation site was so arbitrary and unreasonable as to amount to a clear and prejudicial error of law in entering the temporary injunction.

■ With regard to the issuance of the capias, it is undisputed that Viggiano failed to appear at the hearing on Rippeteau's motion to enforce child support by contempt, continued to February 2, 1990, at his request. In *Ex parte Johnson,* 654 S.W.2d 415, 422 (Tex.1983), the Court held where an individual is cited for such a hearing as this, and fails to appear, the proper proce-

dure is to bring the individual into court under a capias or writ of attachment.

Accordingly, we must deny Viggiano's petition for writ of mandamus.

■ The theory of the petition for access to subject children underlying this motion is (1) the trial court was without jurisdiction to enter the temporary injunction, and (2) Viggiano is being denied access to the children by virtue of the injunction. For the reasons above expressed, we find the trial court had jurisdiction to enter such a temporary injunction pending disposition of the appeal in Cause No. 07–89–0307–CV and did not abuse its discretion in doing so. Moreover, the injunction does not deny Viggiano visitation but merely restricts the geographical location of the visitation. Additionally, for the reasons expressed in *Bivins v. Bivins, supra,* we do not believe this appellate court is the proper forum in which to attempt to define and oversee visitation. Viggiano's motion for leave to file petition for access to the subject children during the pendency of the appeal is denied.