NUMBER 13-02-504-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


ROBERT THOMAS, Appellant,


v.



ELSY ROBERT, Appellee.

 




On appeal from the 357th District Court of Cameron County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Garza, and Wittig (1)


Memorandum Opinion by Justice Wittig
 

 Robert Thomas, appellant pro se, appeals a judgment for divorce and custody. He
raises thirteen issues, which we will address in order. Appellant and his former spouse,
Elsy Robert, appellee, were previously divorced and subsequently remarried. The first
divorce in a suit affecting the parent-child relationship was granted in the 103rd Judicial
District Court of Cameron County. That court lost continuing exclusive jurisdiction after the
couple re-married and filed suit for the dissolution of their subsequent marriage, combined
with a suit affecting the parent-child relationship. See Tex. Fam. Code Ann. §
155.004(a)(2) (Vernon 2006).

 1. Background

 After a brief second marriage to appellant, appellee filed a petition for divorce. 
Appellant represented himself until the trial, when he belatedly hired his second counsel. 
His first counsel never made an appearance, although appellant paid her $1,000. A jury
trial was held and the jury found appellee should be sole managing conservator and
appellant should be possessory conservator. The trial court adopted the jury finding and
awarded child support and visitation. The property division provided that each party should
be awarded the property in its possession. Appellee was also awarded attorney's fees. 
Other background and facts are known to the parties and will not be reiterated. Tex. R.
App. P. 47.4. 

 2. Judge as Advocate and Conspirator

 In his first two issues, appellant submits that the trial judge acted as an advocate for
appellee and conspired with counsel to give custody of the children to appellee. He argues
a judge should be "a neutral and detached judge." Metzger v. Sebek, 892 S.W.2d 20, 37
(Tex. App.-Houston [1st Dist.] 1994, writ denied). We agree. The Metzger court also
holds that a trial court's exercise of its "inherent power" is partially promoted by, and
partially guided by, the Texas Rules of Civil Procedure, which "provide a trial judge with the
tools to facilitate the litigation of lawsuits and, to a certain extent, to prevent abuse of the
legal process." Id. at 38 (citing Waguespack v. Halipoto, 633 S.W.2d 628, 629 (Tex.
App.-Houston [1st Dist.] 1982, writ dism'd .w.o.j.)). The court's "inherent power," and the
applicable rules of procedure and evidence accord judges broad, but not unfettered,
discretion in handling trials. Id. In fulfilling its responsibility, the trial court has discretion
in expressing itself while managing the trial. See id. However, as appellant correctly points
out, the judge should not act as an advocate or adversary to any party. Id. 

 Appellant contends that at a preliminary hearing, the judge would not allow appellant
to bring evidence against appellee. Further, the judge would not allow appellant to testify. 
Our review of the record indicates this incident took place at a February 25, 2002 hearing,
three months before trial. Appellant apparently filed a "Motion to Amend Motion To Modify
Temporary Orders." The hearing proceeded with appellant acting pro se. He subpoenaed 
Dr. Surapureddy Reddy, who then testified on behalf of appellant. At the hearing, the trial
court noted that he had interviewed the children in chambers. Then, appellant stated he
had six additional witnesses who knew about appellant's marriage, knew both the parties,
and had "a lot of knowledge about the case." The trial court indicated he had enough
information about the health issue and stated that, "I saw them here healthy, happy." We
note that the temporary order sought to be modified was signed just the month before this
hearing. Appellant also wanted to change the pick-up place for visitation from a public
place very near his residence.

 Appellant complains the trial court denied him a continuance. We will discuss this
allegation in issue three, infra. Appellant then variously complains about a ruling on
appellee's motion in limine concerning the exclusion of evidence of past misconduct. 
Motions in limine do not preserve error. Huckaby v. A.G. Perry & Son, Inc. 20 S.W.3rd
194, 203, (Tex. App.-Texarkana 2000, pet. denied) (discussing distinction between motion
in limine and pretrial ruling on admissibility of evidence). Appellant further complains
appellee's attorney was allowed to argue that appellant was only paying $300 per month
in child support. He argues counsel for appellee accused appellant of doing whatever he
wants "and when Thomas was trying to tell the jury that the judge favored Elsy (which is
obvious for the records of this case), the judge made a comment to the jury that he does
not grant favors to any one and that he rules only on evidence and he follow (sic) the civil
procedure." We do observe a notable amount of interplay between the trial judge, counsel
for appellee, and appellant. The trial court's considerable involvement occurred when
counsel for appellee was cross-examining appellant during the trial. While other seasoned
jurists might not inject themselves to the same extent, we view the exchanges as an
attempt by the trial court to manage what was apparently a contentious interchange. See
Tex R. Evid. 611(a).

 Finally, appellant accuses the trial judge and counsel for appellee, and another local
attorney (not of record) of conspiracy. Appellant also accuses his own trial attorney of
participating in the conspiracy because of his presentation of the case. 

 We liberally view appellant's first two issues attacking the conduct of the trial court
as an abuse of discretion. See Worford v. Stamper, 801 S.W.2d 108, 109 (Tex.1990) (per
curiam). The test for abuse of discretion is whether the trial court acted without reference
to any guiding rules or principles and therefore acted arbitrarily or unreasonably. Id. A trial
court's failure to analyze or apply the law correctly constitutes an abuse of discretion. 
Walker v. Packer, 827 S.W.2d 833, 840 (Tex.1992). In determining whether an abuse of
discretion has occurred, we view the evidence in a light most favorable to the court's
decision and indulge every legal presumption in favor of its judgment. In re J.I.Z., 170
S.W.3d 881, 883 (Tex. App.-Corpus Christi 2005, no pet.) (citing Holley v. Holley, 864
S.W.2d 703, 706 (Tex. App.-Houston [1st Dist.] 1993, writ denied)). Most of appellant's
arguments actually center on the conduct of opposing counsel, not the trial judge. Based
upon our review of appellant's arguments and his citations to the record, we cannot
conclude the trial court acted without reference to any guiding rules or principles. We
overrule appellant's first two issues.

 3. Withdrawal of Attorney & Continuance

 In issue three, appellant contends the trial court abused its discretion by allowing
Veronica Farias to withdraw from the case without granting sufficient time to hire new
counsel. Issue four complains about the denial of his motion for continuance. The record
reflects a hearing on May 20, 2002. Ms. Farias attended the hearing and stated she had
not filed an appearance in the case and would not be representing appellant. The judge
excused her. We do not find where appellant objected when the trial court excused Ms.
Farias. (2) He did object to proceeding with the scheduled hearings before his new attorney
could appear. We also note the trial court proceeded with the hearing while a motion to
reconsider his recusal was pending. Appellant does not complain about this on appeal. 
The trial court stated that the pre-trial hearings had already been re-scheduled from the
week before in order for appellant to obtain counsel.

 Appellant cites Villegas v. Carter, 711 S.W.2d 624, 626 (Tex. 1986), arguing that 
when a trial court allows an attorney to voluntarily withdraw, it must give the party time to
secure new counsel and time for the new counsel to investigate the case and prepare for
trial. Id. Further, the right to counsel is a valuable right and its unwarranted denial is
reversible error. Id. We agree. However, Villegas also informs us that when the grounds
for continuance is the withdrawal of counsel, a movant must show that the failure to be
represented at trial was not due to his own fault or negligence. Id. Furthermore, when a
movant fails to comply with Texas Rule of Civil Procedure 251's requirement that the
motion for continuance be supported by affidavit, we presume that the trial court did not
abuse its discretion in denying the motion. Id. Appellant did not submit a motion for
continuance at the time of the May 20th hearing. Additionally, at the hearing, there was
evidence that appellant bore some responsibility or fault for Ms. Farias's refusal to make
an appearance for appellant. Therefore, we conclude that, as far as the May 20th hearing
is concerned, the trial court did not abuse its discretion by excusing Ms. Farias or by not
allowing time to procure another attorney for that hearing. See id. 

 Appellant, in the related issue, complains the trial court abused its discretion by
denying his motion for continuance. In a ten page affidavit attached to the motion,
appellant does complain that he was denied discovery that would disprove "lies" told by
appellee at the trial. Appellant does not complain his new attorney did not have sufficient
time to prepare for trial. At the hearing, counsel for appellee stated that discovery was
answered, although some questions were objected to. Counsel also claimed that appellee
had no tax returns. Many of the discovery items were also subject to other court hearings. 
Appellant's new attorney was hired May 27, 2002 and urged appellant's continuance on
May 31, 2002, immediately before trial. Counsel also stated the motion was appellant's
third motion for continuance.

 The denial of a motion for continuance is reviewed under an abuse of discretion
standard. General Motors Corp. v. Gayle, 951 S.W.2d 469, 476 (Tex. 1997) (orig.
proceeding). The denial will be reversed if the trial court acted without regard to guiding
principles or was arbitrary or unreasonable. BMC Software Belg., N.V. v. Marchand, 83
S.W.3d 789, 800 (Tex. 2002). If the basis for the requested continuance is "want of
testimony," the affidavit must show: (1) that the testimony is material; (2) that due diligence
has been used to obtain the testimony; (3) that there is an explanation given for the failure
to obtain the testimony; and (4) that the testimony cannot be procured from another
source. Tex. R. Civ. P. 252; Tri-Steel Structures, Inc. v. Baptist Foundation of Tex., 166
S.W.3d 443, 448 (Tex. App.-Fort Worth 2005, pet. denied). 

 Appellant argues he did not have appellee's W-2 forms, that she was hiding
community property, and she did not answer interrogatories as to why she remarried
appellant. Appellant does not demonstrate that he could not obtain the information from
other sources. Nor are we persuaded that his argument about the testimony, concerning
which party was trying to kill the other party, would somehow have been avoided by the
granting of a continuance. Abuse of discretion is not ordinarily measured by subsequent
testimony at a trial that is unknown to the trial judge at the time it makes its ruling. 
Therefore, we do not conclude the trial court abused its discretion by denying appellant's
third motion for continuance. See General Motors Corp., 951 S.W.2d at 476. Issues three
and four are overruled.

 4. Newly Discovered Evidence

 In his fifth issue, appellant complains the trial court erred in overruling his motion for
new trial based upon newly discovered evidence. Appellant contends that after the trial,
he discovered an audio recording. The recording purports to show that appellee
threatened to kill the children. His motion also included allegations that appellee "lied"
(perjured herself) about appellant's working hours and community property. We review a
trial court's decision on a motion for new trial under an abuse of discretion standard. 
Champion Int'l Corp. v. Twelfth Court of Appeals, 762 S.W.2d 898, 899 (Tex.1988) (orig.
proceeding). To establish an abuse of discretion, the complaining party must demonstrate
that the trial court acted unreasonably, arbitrarily, or without reference to guiding rules and
principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex.1985). 
When reviewing a trial court's order denying a motion for new trial, we make every
reasonable presumption in favor of the trial court's ruling. Jackson v. Van Winkle, 660
S.W.2d 807, 809-10 (Tex.1983); see also GJR Management Holdings, L.P. v. Jack Raus,
Ltd.,126 S.W.3d 257, 260 (Tex. App.-San Antonio 2003, pet. denied). A party seeking a
new trial on the ground of newly-discovered evidence must show the trial court that: 1) the
evidence has come to his knowledge since the trial; 2) it was not owing to the want of due
diligence that it did not come sooner; 3) it is not cumulative; and 4) it is so material that
it would probably produce a different result if a new trial were granted. Van Winkle, 660
S.W.2d at 809; GJR Management Holdings, L.P. 126 S.W.3d at 260.

 According to appellant's own appendix to his brief at tab 19, the tape recording was
made in 1996. Appellant did not demonstrate to the trial court or to us that the tape was
procured after the trial in 2002, that his knowledge of it occurred after the trial, or that it was
not because of a lack of due diligence that the tape was not procured sooner. See id. 

 With regard to the alleged perjury, a judgment is not procured by perjury unless the
perjury prevented the injured party from fully presenting its case at trial or resulted in the
court or jury being deceived as to a material issue. McMurry v. McMurry, 67 Tex. 665, 4
S.W. 357, 360 (1887); Warrantech Corp. v. Computer Adapters Services, Inc.,134 S.W.3d
516, 528 (Tex. App.-Fort Worth 2004, no pet.). Appellant makes no argument why his
working hours are a material issue other than he "was never taking care of the children." 
In any event, nothing prevented appellant from setting the record straight through his own
testimony or records from his work. Furthermore, each party was awarded the property in
its possession. We are not persuaded that either of these matters were, or affected, a
material issue or prevented appellant from fully presenting his case. See McMurry, 4 S.W.
at 360. We overrule this issue.

 5. Vexatious Litigant

 Appellant next complains that in a post-judgment proceeding, the trial court erred
in finding him a vexatious litigant and enjoining him from filing any lawsuits or motions in
the state without first obtaining permission of the administrative judge. See Tex. Civ. Prac.
& Rem. Code Ann. § 11.054 (Vernon 2002). The statutory criteria for finding a plaintiff a
vexatious litigant are:

 A court may find a plaintiff a vexatious litigant if the defendant shows
that there is not a reasonable probability that the plaintiff will prevail in the
litigation against the defendant and that:


 (1) the plaintiff, in the seven-year period immediately preceding the
date the defendant makes the motion under Section 11.051, has
commenced, prosecuted, or maintained in propria persona at least five
litigations other than in a small claims court that have been:


 (A) finally determined adversely to the plaintiff;


 (B) permitted to remain pending at least two years without having 

 been brought to trial or hearing; or


 (C) determined by a trial or appellate court to be frivolous or 

 groundless under state or federal laws or rules of procedure;


 (2) after a litigation has been finally determined against the plaintiff,
the plaintiff repeatedly relitigates or attempts to relitigate, in propria persona,
either: 


 (A) the validity of the determination against the same defendant as to 

 whom the litigation was finally determined; or


 (B) the cause of action, claim, controversy, or any of the issues of fact 

 or law determined or concluded by the final determination against the same
defendant as to whom the litigation was finally determined; or


 (3) the plaintiff has previously been declared to be a vexatious litigant
by a state or federal court in an action or proceeding based on the same or
substantially similar facts, transition, or occurrence. 


Id. 

 

 We review the trial court's ultimate determination that appellant is a vexatious
litigant under an abuse of discretion standard. Leonard v. Abbott, 171 S.W.3d 451, 459,
(Tex. App.-Austin 2005, pet. denied). It is an abuse of discretion for a trial court to rule
arbitrarily, unreasonably, without regard to guiding legal principles, or without supporting
evidence. Id. Appellee, who after all was the instigator of this divorce action, did not make
her request that appellant be found a vexatious litigant until July 2002. The applicable
statute requires a "defendant" to make such a motion on "or before the 90th day after the
date the defendant files the original answer or makes a special appearance . . . ." Tex. Civ.
Prac. & Rem. Code Ann. § 11.051 (Vernon 2002). The trial court's injunction order of
August 2, 2002 states it is based upon appellee's amended motion to have appellant
declared a vexatious litigant. Because the original motion was filed several months after
the statutory 90-day limit expired, it was an abuse of discretion for the trial court to grant
relief under that circumstance. See Dishner v. Huitt-Zollars, Inc., 162 S.W.3d 370, 377
(Tex. App.-Dallas 2005, no pet.). We sustain appellant's sixth issue and set aside the trial
court's injunction order dated August 2, 2002, finding appellant a vexatious litigant.

 6. Property Division

 In his seventh issue, appellant complains the trial court did not divide the community
property in a just and proper manner. Appellant argues the trial court did not look into the
details of the community property. Apparently, after the jury was excused, the trial court
continued the case into August 2002. According to appellant, the trial court denied him a
hearing on the property division.

 Appellant neither requested nor obtained findings of fact and conclusions of law. 
When the trial court does not file findings of fact or conclusions of law regarding an issue
tried to the court, on appeal, we presume the trial court made all findings in favor of its
judgment. Pharo v. Chambers Cty., 922 S.W.2d 945, 948 (Tex.1996) (stating that, in a
bench trial in which the trial court does not file findings of fact or conclusions of law,
appellate courts presume the trial court made all findings in support of its judgment). 
Appellant's own pleadings indicate he and appellee remarried on November 17, 2000, and
ceased living together as husband and wife on or about December 13, 2001. The trial
court awarded appellant all property in his possession and did likewise to appellee.
Appellant does not point us to anything in the record that would indicate the community
property division was not just and right. Texas law requires that in a decree of divorce, the
court shall order a division of the community estate in a manner that the court deems just
and right, having due regard for the rights of each party. Tex. Fam. Code Ann. § 7.001
(Vernon 2004); Rafferty v. Finstad, 903 S.W.2d 374, 376, (Tex. App.-Houston [1st Dist.]
1995, writ denied). In effecting a just and right division of the community estate, section
7.001 of the Texas Family Code vests the trial court with broad discretion that will not be
reversed on appeal unless the complaining party shows that the trial court clearly abused
its discretion. Murff v. Murff, 615 S.W.2d 696, 698 (Tex.1981); Rafferty, 903 S.W.2d at
377. The test of whether the trial court abused its discretion is whether the court acted
arbitrarily or unreasonably, and without reference to any guiding principles. Id. at 376. 
It is the duty of the appellate court to presume that the trial court properly exercised its
discretion in dividing the marital estate. Murff, 615 S.W.2d at 699. Because appellant has
not met his burden to show the division of community property was not just and right, we
cannot conclude the trial court abused its discretion. Rafferty, 903 S.W.2d at 376. This
issue is overruled.

 7. Attorney's Fees

 By appellant's eighth issue, he challenges the trial court's award of attorney's fees
to appellee. He argues attorney's fees should be considered by the court in making an
equitable division of the community estate. The trial court may award attorney's fees to
either party, regardless of which is successful in the trial court or on appeal. We agree. 
Appellant further argues he had only debts and no assets, and the court erred in awarding
attorney's fees without any findings as to whether appellant was able to pay. Appellant
also argues the trial court may not make him destitute in order to pay support and fees,
citing Herschberg v. Herschberg, 994 S.W.2d 273, 279 (Tex. App.-Corpus Christi 1999,
pet. denied) (as with temporary support, the award of temporary attorney's fees must be
based on the needs of the applicant as weighed against the ability of the opposing party
to pay such fees). Appellant points to evidence from his plea of indigency relating to this
appeal. This post-judgment evidence was presumably not before the trial court when it
entered the judgment awarding attorney's fees. On the other hand, appellee's attorney
testified to the reasonableness of his attorney's fees at the trial. Texas Family Code
section 106.002 provides that a "court may render judgment for reasonable attorney's fees
and expenses and order the judgment and post judgment interest to be paid directly to an
attorney" in a suit affecting the parent-child relationship. Tex. Fam. Code Ann. § 106.002(a)
(Vernon Supp. 2006); Tull v. Tull, 159 S.W.3d 758, 760 (Tex. App.-Dallas 2005, no pet.). 
A trial court does not abuse its discretion in awarding attorney's fees where the attorney
testified that the amount was a reasonable and necessary fee for the services performed. 
See id. We overrule this issue. (3)

 8. Passports

 According to appellant, the trial court allowed the withdrawal from the record of one
of the children's passports seven days before the judgment became final. He cites Texas
Rule of Appellate Procedure 12.4(f), which deals with the clerk's duties when a case is on
appeal. Without any citation to the record, appellant does not inform us whether there was
a proper motion to substitute a duplicate original, either orally or in writing, or whether the
action was sua sponte by the trial court. Nor are we informed why appellate rules may
apply if, indeed, no judgment has been entered. He also cites "Rule 34.5(f)," which we
assume to be appellate rule 34.5(f) dealing with original documents and the trial court's
responsibility to determine whether an original document should be inspected by the
appellate court. Again, without proper citation to the record, we cannot determine if this
rule is even applicable. In any event, a certified copy of a public record may be used in lieu
of an official record. Tex. R. Evid. 902(4). Likewise, duplicates are admissible unless
there is a question of authenticity or it would be unfair to admit a duplicate under the
circumstances. Tex. R. Evid. 1003. (4) Accordingly, we find no abuse of discretion by the
trial judge. See Downer, 701 S.W.2d at 241-242. This issue is overruled.

 9. Geographical Restrictions

 Appellant argues the trial court abused its discretion by not placing geographical
restrictions for the residence of the children. He argues that the trial court earlier entered
a restraining order not allowing the removal of the children out of the country. He points
to his affidavit filed in connection with an earlier hearing, which says that appellee
"abducted the children in the year 1997 and hid them in India . . . ." Appellant also
informed the trial court that appellee was teaching the children to hate him and that she
might abscond with the children again.

 Appellant cites Viggiano v. Emerson, 794 S.W.2d 564, 566 (Tex. App.-Amarillo
1990, no writ). Viggiano holds that the trial court may make any temporary order for the
safety and welfare of children, including an order prohibiting a person from removing a
child beyond a geographic area identified by the court. Id. We agree. However, appellant
points to no findings of fact or conclusions of law, nor does he supply us with record
references to appellee's testimony or other evidence that supports or undermines his
abuse of discretion claim. While we may be sympathetic to appellant's fears, we are not
furnished with the required record evidence that would allow us to conclude the trial court
abused its discretion. See id.; see also Tex. R. App. P. 38.1(f). We overrule this issue.

 10. Denial of Cross Examination

 In his eleventh issue, appellant asserts the trial court did not allow his counsel
sufficient time to cross examine appellee in order to rebut her false testimony. He cites
several cases and authority which contend that the trial court should exercise reasonable
control over the questioning of witnesses, that the trial court's authority should be exercised
reasonably with a fair opportunity for litigants to present their case, that a fair trial entails
due process, and finally, that a party should have the opportunity to present evidence
before the rendition of judgment. These principles are indisputable in Texas jurisprudence. 
Appellant's specific complaint is the purported limitation of cross examination of appellee
concerning the issue of passports and appellee's travel to India. In fact, passports were
introduced into evidence, and should speak for themselves. The direct examination of
appellee encompassed some 36 pages of the record and appellant's cross examination
of appellee was 35 pages. Over one-third of the latter's cross-examination was on the
travel/passport issue. The trial court eventually interrupted and suggested that appellant's
counsel "start wrapping up this line of questioning. I want to hear some questions about
child custody." This action by the trial court was in line with both the wording and spirit of
Rule 611. Tex. R. Evid. 611(a)(1). The right to cross examination is a vital element in a
fair adjudication of disputed facts and it includes "the right to cross examine adverse
witnesses and to examine and rebut all evidence." Nat'l Family Care Life Ins. Co. v.
Fletcher, 57 S.W.3d 662, 670 (Tex. App.-Beaumont 2001, pet. denied) (citing Richardson
v. City of Pasadena, 513 S.W.2d 1, 4 (Tex. 1974)). A fair reading of the record does not
disclose the denial of this vital right of cross examination. We overrule this issue.

 11. Counsel's Statement of Personal Experience

 Again concerning the passport/travel matter, appellant complains that counsel for
appellee was allowed to make a statement about his personal experience to the jury. 
Specifically, during his examination of appellee, adverse counsel stated that he had
traveled to other countries and sometimes his passport was not stamped. While appellant
is correct that the remark of appellee's counsel is inappropriate and inadmissable, no
objection was made at the time of his comments. Thus, this issue is not preserved for our
review by a timely objection in the trial court that specifically stated the objection to the
statement of personal experience about passports. Tex. R. App. P. 33.1; GTE Mobilnet of
S. Tex. Ltd. P'ship v. Pascouet, 61 S.W.3d 599, 612 (Tex. App.-Houston [14th Dist.] 2001,
pet. denied). This issue is overruled.

 12. Transfer of Case

 Appellant next complains that the trial court was without jurisdiction to transfer this
case after the trial court lost its plenary jurisdiction. The final decree of divorce was signed
August 1, 2002. Nevertheless, the trial court transferred the case affecting the parent-child
relationship on February 19, 2003 from the 357th Judicial District Court to the 404th
Judicial District Court. He cites State ex rel. Latty v. Owens, 907 S.W.2d 484, 486 (Tex.
1995). There, the Texas Supreme Court held that judicial action taken after the court's
jurisdiction over a cause has expired is a nullity. Id. We observe special statutory 
provisions attain when dealing with a suit affecting the parent-child relationship. The 357th
District Court obtained continuing exclusive jurisdiction under the family code. See Tex.
Fam. Code Ann. § 155.004(a)(2) (Vernon 2006). Thereafter, it retains continuing exclusive
jurisdiction except as otherwise provided by law. See id. § 155.002 (Vernon 2006). Our
review of the record does not reveal either a proper motion to transfer, or factors that would
authorize the trial court to transfer this proceeding. Id.; see also id. § 155.301 (Vernon
2006). Accordingly, we sustain appellant's issue thirteen, and order that the case be
returned to the 357th Judicial District Court of Cameron County.

 13. Cumulative Error

 In his final unnumbered issue, appellant invokes the "cumulative error doctrine."
Because we have overruled all but two collateral issues presented by appellant, we will not
remand the entire case. Gutierrez v. Elizondo, 139 S.W.3d 768, 777 (Tex. App.-Corpus
Christi 2004, no pet.).

 The judgment of the trial court is affirmed, except that the award of $10,000
additional attorney's fees for an unsuccessful appeal to the Court of Appeals is denied. 
The judgment is reformed accordingly. The trial court's injunction order dated August 2,
2002, finding appellant a vexatious litigant, is set aside. Likewise, the trial court's transfer
order of February 19, 2003, is set aside. The 357th Judicial District Court of Cameron
County was the court of exclusive continuing jurisdiction at the time of this appeal. Costs
are taxed to the party incurring same. 


 

 DON WITTIG,

 Justice




Memorandum opinion delivered and filed 

this the 15th day of February, 2007. 
1. Retired Fourteenth Court of Appeals Justice Don Wittig assigned to this Court by the Chief Justice
of the Supreme Court of Texas pursuant to the government code. Tex. Gov't Code Ann. § 74.003 (Vernon
2005).
2. Appellant makes no reference to the record concerning this matter.
3. Because appellant is partially successful in his appeal, appellee is denied any further attorney's
fees for this appeal.
4. Because of these and other rules guiding the trial court, the usual and customary practice is to
liberally allow a party to withdraw original exhibits and substitute duplicate originals absent the necessity for
an original exhibit for the trial or appellate court's record.